UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 6950

------------------------------------------------------------- x

WARTA INSURANCE, CHINA COMMUNICATION
INSURANCE, TOKIO MARINE NEWA, COMPANIA DE
SEGUROS TRANQUILIDADE SA, SHINKONG INSURANCE
CO. LTD, PING AN INSURANCE, UNION INSURANCE CO.
LTD, CLAL INSURANCE CO. LTD, E.G. C'SEE, ISVICRE
SIGORTA A.S., FENNIA MUTUAL INSURANCE CO. LTD.,
BANK OF CHINA GROUP INS. CO. LTD, FUBON
INSURANCE CO. LTD, VICTORIA-SEGUROS S.A., IF P&C
INSURANCE, AIG (UK) LTD. (formerly New Hampshire
Insurance Company and Landmark Insurance Company Ltd.), AIG
CZECH REPUBLIC, POJISTOVNA, A.S., AIG EUROPE
(Netherlands) NV, AIG EUROPE SA, AIG EUROPE SA
(pobocka pre Slovensku republiku), formerly Poist'ovana AIG
Slovakia, A.S., AIG EUROPE VERISCHERUNGS -
GESELLSCHAFT, AIG GENERAL INSURANCE (Taiwan) CO.
LTD. (formerly AIU Insurance Company (Taiwan Branch) and
CENTRAL INSURANCE CO. LTD., AIG GENERAL
INSURANCE COMPANY CHINA LIMITED (Guangzhou
Branch) (formerly AIU Insurance Company (Guangzhou Branch)),
AIG GENERAL INSURANCE COMPANY CHINA LIMITED
(Shanghai Branch) (formerly AIU Insurance Company (Shanghai
Branch)), AIG GENERAL INSURANCE COMPANY CHINA
LTD. (Shenzhen Branch) (formerly AIU Insurance Company
(Shenzhen Branch)), AIU INSURANCE COMPANY, ALLIANZ
GLOBAL CORPORATE & SPECIALITY AG, ALLIANZ
GLOBAL CORPORATE & SPECIALITY AG (UK Branch)
(formerly known as Allianz Marine & Aviation), ALLIANZ
MARINE & AVIATION VERS. AG, Hamburg, ALLIANZ
MARINE & AVIATION VAG, ALTE LEIPZIGER AG,
AMERICAN HOME ASSURANCE COMPANY, AMERICAN
HOME ASSURANCE COMPANY (Singapore), ASSURANCES
CONTINENTALES (ASCO), AVIVA GENERAL INSURANCE
LTD., AVIVA INSURANCE LIMITED (trading as Norwich
Union), AXA CORPORATE SOLUTIONS ASSURANCE SA,
AXA VERSICHERUNG AG, AXA VERSICHERUNG AG,
BASLER SECURITAS VAG, CNA INSURANCE CO. LTD.,
CNA INSURANCE COMPANY LIMITED (Belgian Branch),
COMMERCIAL UNION POLSKA TOWARZYSTOWO
UBEZPIECZEI OGOLNYCH SA, ELDOM SP, GENERALI
ASSURANCES SA, HIBERNIAN INSURANCE CO. LTD., LIG
INSURANCE CO. LTD., LLOYD'S OF LONDON MILLENIUM
SYNDICATE 1221, MITSUI SUMITOMO INSURANCE
(Singapore) PTE LTD., MITSUI SUMITOMO INSURANCE CO.
OF AMERICA, MITSUI SUMITOMO INSURANCE COMPANY
(Europe) LTD., MITSUI SUMITOMO INSURANCE COMPANY
LIMITED, NISSAY DOWA GENERAL INSURANCE CO. LTD.,
NOBLE INSURANCE COMPANY LIMITED, P&V
VERZEKERINGEI CV, Q. SOFT CONSULTING LTD., ROYAL
& SUN ALLIANCE INSURANCE PLC, ROYAL & SUN
ALLIANCE PLC (Hong Kong Branch), ROYAL & SUN
ALLIANCE INSURANCE PLC (Shanghai Branch), SIAT SOC
ITAL ASSIC E RIASSIC, TATA AIG GENERAL INSURANCE
CO. LTD., THE CONTINENTAL INSURANCE COMPANY,

Docket No. 08 cv 6950 ( )

**VERIFIED COMPLAINT**



RECEIVED
AUG 04 2008
U.S.D.C. S.D.N.Y.
CASHIERS

THE HARTFORD, THE NORTHERN ASSURANCE  
COMPANY OF AMERICA,TOKIO MARINE EUROPE  
INSURANCE LTD., VERO INSURANCE LIMITED, VERO  
INSURANCE NEW ZEALAND LTD., ZURICH INSURANCE  
COMPANY and ZURICH VERSICHERUNG AG,,

: : : : : X

Plaintiffs,

- Against -

M/V YM GREEN her engines, boilers and  
tackle *in rem*; YANG MING MARINE  
TRANSPORT CORP.; YANGMING (UK) LTD.;  
ENERGIZER S.A.; ALL OCEANS  
TRANSPORTATION INC.;  
KAWASKI KISEN KAISHA LTD.; CONTERM  
HONG KONG LTD.; VANGUARD LOGISTICS  
SERVICES HONG KONG LTD.; PELORUS OCEAN LINE  
LIMITED; SENATOR LINES GmBH; FAR EAST CARGO  
LINE; P.A.C. CONSOLIDATORS LIMITED; DANMAR LINES  
LTD., FIEGE GOTH CO., LTD.; and SHENZHEN HIGH  
POWER TECHNOLOGY CO. LTD.,

Defendants.

---

Plaintiffs WARTA INSURANCE, CHINA COMMUNICATION INSURANCE, TOKIO MARINE NEWA, COMPANIA DE SEGUROS TRANQUILIDADE SA, SHINKONG INSURANCE CO. LTD, PING AN INSURANCE, UNION INSURANCE CO. LTD, CLAL INSURANCE CO. LTD, E.G. C'SEE, ISVICRE SIGORTA A.S., FENNIA MUTUAL INSURANCE CO. LTD., BANK OF CHINA GROUP INS. CO. LTD, FUBON INSURANCE CO. LTD, VICTORIA-SEGUROS S.A., IF P&C INSURANCE, AIG (UK) LTD. (formerly New Hampshire Insurance Company and Landmark Insurance Company Ltd.), AIG CZECH REPUBLIC, POJISTOVNA, A.S., AIG EUROPE (Netherlands) NV, AIG EUROPE SA, AIG EUROPE SA (pobocka pre Slovensku republiku), formerly Poist'ovana AIG Slovakia, A.S., AIG EUROPE VERISCHERUNGS - GESELLSCHAFT, AIG GENERAL INSURANCE (Taiwan) CO. LTD. (formerly AIU Insurance Company (Taiwan Branch) and CENTRAL INSURANCE CO. LTD., AIG GENERAL INSURANCE COMPANY CHINA LIMITED (Guangzhou Branch) (formerly AIU Insurance Company (Guangzhou Branch)), AIG GENERAL INSURANCE COMPANY CHINA LIMITED (Shanghai Branch) (formerly AIU Insurance Company (Shanghai Branch)), AIG GENERAL INSURANCE COMPANY CHINA LTD. (Shenzhen Branch) (formerly AIU Insurance Company (Shenzhen Branch)), AIU INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALITY AG, ALLIANZ GLOBAL CORPORATE & SPECIALITY AG (UK Branch) (formerly known as

Allianz Marine & Aviation), ALLIANZ MARINE & AVIATION VERS. AG, Hamburg, ALLIANZ MARINE & AVIATION VAG, ALTE LEIPZIGER AG, AMERICAN HOME ASSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY (Singapore), ASSURANCES CONTINENTALES (ASCO), AVIVA GENERAL INSURANCE LTD., AVIVA INSURANCE LIMITED (trading as Norwich Union), AXA CORPORATE SOLUTIONS ASSURANCE SA, AXA VERSICHERUNG AG, AXA VERSICHERUNG AG, BASLER SECURITAS VAG, CNA INSURANCE CO. LTD., CNA INSURANCE COMPANY LIMITED (Belgian Branch), COMMERCIAL UNION POLSKA TOWARZYSTOWO UBEZPIECZEI OGOLNYCH SA, ELDOM SP, GENERALI ASSURANCES SA, HIBERNIAN INSURANCE CO. LTD., LIG INSURANCE CO. LTD., LLOYD'S OF LONDON MILLENIUM SYNDICATE 1221, MITSUI SUMITOMO INSURANCE (Singapore) PTE LTD., MITSUI SUMITOMO INSURANCE CO. OF AMERICA, MITSUI SUMITOMO INSURANCE COMPANY (Europe) LTD., MITSUI SUMITOMO INSURANCE COMPANY LIMITED, NISSAY DOWA GENERAL INSURANCE CO. LTD., NOBLE INSURANCE COMPANY LIMITED, P&V VERZEKERINGEI CV, Q. SOFT CONSULTING LTD., ROYAL & SUN ALLIANCE INSURANCE PLC, ROYAL & SUN ALLIANCE PLC (Hong Kong Branch), ROYAL & SUN ALLIANCE INSURANCE PLC (Shanghai Branch), SIAT SOC ITAL ASSIC E RIASSIC, TATA AIG GENERAL INSURANCE CO. LTD., THE CONTINENTAL INSURANCE COMPANY, THE HARTFORD, THE NORTHERN ASSURANCE COMPANY OF AMERICA, TOKIO MARINE EUROPE INSURANCE LTD., VERO INSURANCE LIMITED, VERO INSURANCE NEW ZEALAND LTD., ZURICH INSURANCE COMPANY and ZURICH VERSICHERUNG AG, by their attorneys Nicoletti Hornig & Sweeney, as and for their Complaint herein allege upon information and belief as follows:

    1.      This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). The Court has jurisdiction over all non-maritime claims pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy under Article III of the United States Constitution.

    2.      The Seventh Cause of Action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

3. In connection with the Seventh Cause of Action, an actual case or controversy of a justiciable nature exists between the Plaintiffs and the Defendants involving the rights and obligations of the parties under the maritime law of general average and depending upon the application of that law, the controversy can be determined by a judgment of this Court, without further suit.

## PARTIES

4. At all relevant times, Plaintiffs were the insurers, insureds, shippers and/or consignees of certain shipments ladened aboard the motor vessel YM GREEN (the "Vessel") on or about August 6, 2006 when a fire broke out aboard the Vessel.

5. At all relevant times, Defendant Energizer S.A. ("Energizer") was, and still is, a legal entity organized and existing under the laws of Switzerland with an office and principal place of business at Rue L.J. Chevrolet, 43, 2300, La Chaux-de-Fonds, Switzerland and the owner of two shipments of batteries ("Batteries") ladened aboard the Vessel on or about August 6, 2006.

6. At all relevant times, Defendant Conterm Hong Kong Ltd. ("Conterm") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place business at 1 Lockart Road, Chung Nam Building, 14th Floor, Wanchai, Hong Kong and a common carrier of goods by water for hire who issued bills of lading to Energizer for the transportation of the Batteries aboard the Vessel.

7. At all relevant times, Defendant Shenzhen High Power Co. Ltd. ("High Power") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Bldg. A1 & A2, Loushan Ind. Zone, Pinchu, Longgand, Shenzhen China and the designer and manufacturer of the Batteries who sold the Batteries to Energizer.

4

8. At all relevant times, Defendant Vanguard Logistics Services Hong Kong Ltd. ("Vanguard") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at 36/F Vicwood Plaza, 199 Des Voeux Road Central, Hong Kong and was involved in the loading and consolidating of the Batteries and other cargo into container KKFU1500170 which was ladened aboard the Vessel.

9. At all relevant times, Defendant Fiege Goth Co. Ltd. ("Fiege") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Room A-B, 22/F, T.S.T., Kln., Hong Kong and was involved in the loading and consolidating of the Batteries and other cargo into container KKFU1500170 which was ladened aboard the Vessel.

10. At all relevant times, Defendant All Oceans Transportation Inc. ("All Oceans") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at 271 Ming De 1st Road Chidu Keelung 206 Taiwan and the registered owner of the Vessel and a common carrier of goods by water for hire.

11. At all relevant times, Defendant Yang Ming Marine Transport Corp. ("YM Marine") was a legal entity organized and existing under the laws of a foreign country with an office and principal place of business c/o Solar International Shipping Agency, Inc., Newport Office Tower, 25th Floor, 525 Washington Blvd., Jersey City, New Jersey 07310 and the manager, operator and/or charterer of the Vessel and a common carrier of goods by water for hire.

12. At all relevant times, Defendant Yangming (U.K.) ("YM UK") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Valentines House, Second Floor, 51-69 Ilford Hill, Essex IG1

5

2DG United Kingdom and the manager, operator and/or charterer of the Vessel and a common carrier of goods by water for hire.

13. At all relevant times, Defendant Kawasaki Kisen Kaisha Ltd. ("K-Line") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business c/o "K" Line America, Inc., 890 Mountain Avenue, Murray Hill, New Jersey 07974 and a slot charterer of the Vessel who issued a bill of lading to Fiege and a common carrier of goods by water for hire.

14. At all relevant times, Defendant Pelorus Ocean Line Limited ("Pelorus") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Room 905, Silvercord Tower 11, 30 Canton Road, Tsimishatsui, Hong Kong.

15. At all relevant times, Defendant Senator Lines GmbH ("Senator") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Martinistrasse 62-66, Bremen, Germany.

16. At all relevant times, Defendant Far East Cargo Line ("Far East") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at 7F-3 No. 415, Hsin Yi Road, Sec. 4, Taipei, Taiwan.

17. At all relevant times, Defendant P.A.C. Consolidators Ltd. ("P.A.C.") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and principal place of business at Room 703, Corrie Investment Building 13 Hok Yuen Street, Hung Hom, Hong Kong.

18. At all relevant times, Defendant Danmar Lines Ltd. ("Danmar") was, and still is, a legal entity organized and existing under the laws of a foreign country with an office and

6

principal place of business at c/o Danzas Corporation, 33 Washington Street, 16th Floor, Newark, New Jersey 07102.

19.  At all relevant times, the Vessel was, and still is, a ship employed in the common carriage of goods by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

## AS AND FOR A FIRST CAUSE OF ACTION
## (COGSA/HAGUE-VISBY RULES)

20.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above.

21.  On or about the dates and at the ports of shipment stated in the bills of lading listed in Schedule A, there was shipped by the shippers therein named and delivered to All Oceans, K-Line, YM Marine, YM UK and Conterm (the "Carrier Defendants") and the Vessel, as common carriers, the shipments described in Schedule A, then being in good order and condition, and the Carrier Defendants and the Vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the shipments to the ports of destination stated in the bills of lading listed in Schedule A, and there deliver the shipments in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule A.

22.  On or about August 6, 2006 a fire broke out aboard the Vessel, in cargo hold no. 4 wherein container KKFU1500170, containing the Batteries, was stowed.

23.  Thereafter, the Vessel arrived at the ports of destination, where she and the Carrier Defendants made delivery of the shipments, but not all of the shipments were in like good order and condition as when shipped, delivered to and received by them, but on the

7

contrary, those identified in Schedule A were seriously injured and impaired in value, all in violation of the Carrier Defendants' and the Vessel's obligations and duties as common carriers of merchandise by water for hire.

24. The Plaintiffs identified in Schedule A bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the shipments identified in Schedule A, as their respective interests may ultimately appear, and the Plaintiffs are entitled to maintain this action.

25. By reason of the premises, the Plaintiffs identified in Schedule A have been damaged in the sum of $1,475,000.00, as nearly as the same can now be estimated.

## AS AND FOR A SECOND CAUSE OF ACTION
### (COGSA/HAGUE-VISBY RULES)

26. Plaintiffs repeat and reallege the allegations contained in paragraph 1 through 25 above.

27. On or about the dates and at the ports of shipments stated in the bills of lading listed in Schedule B, there was shipped by the shippers therein named and delivered to All Oceans, K-Line, YM Marine, YM UK, Conterm and Pelorus, Senator, Far East, P.A.C. (the "Carrier Defendants II") and the Vessel, as common carriers, the shipments described in Schedule B, then being in good order and condition, and the Carrier Defendants II and the Vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the shipments to the ports of destination stated in the bills of lading listed in Schedule B, and there deliver the shipments in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule B.

28. On or about August 6, 2006 a fire broke out aboard the Vessel, in cargo hold no. 4 wherein container KKFU1500170, containing the Batteries, was stowed.

29. Thereafter, the Vessel arrived at the ports of destination, where she and the Carrier Defendants made delivery of the shipments, but not all of the shipments were in like good order and condition as when shipped, delivered to and received by them, but on the contrary, those identified in Schedule B were seriously injured and impaired in value, all in violation of the Carrier Defendants II's and the Vessel's obligations and duties as common carriers of merchandise by water for hire.

30. The Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the shipments identified in Schedule B, as their respective interests may ultimately appear, and the Plaintiffs are entitled to maintain this action.

31. By reason of the premises, Plaintiffs have been damaged in the sum of $3,013,820.21, as nearly as the same can now be estimated.

### AS AND FOR A THIRD CAUSE OF ACTION
### (CARRIAGE NEGLIGENCE)

32. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31, above.

33. The shipments listed in Schedules A and B (hereinafter "the Damaged Cargo Shipments) suffered loss or damage in the amount of $4,488,820.21, so far as it can now be determined.

34. The loss and/or damage suffered by the Damaged Cargo Shipments was the result of the negligent acts, faults, omissions or want of due care on the part of the Carrier

9

Defendants, Carrier Defendants II and the Vessel in the care, carriage, and/or custody of the Damaged Cargo Shipments.

35. The loss and/or damage suffered by the Damaged Cargo Shipments was not the result of the negligent acts, faults, omissions or want of due care on the part of the Plaintiffs who duly performed all of the obligations in connection with the Damaged Cargo Shipments.

36. Those Plaintiffs identified in Schedule A and B have suffered damages in the amount of $4,488,820.21, as near as it can now be estimated.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (STOWAGE, LOADING AND CONSOLIDATING NEGLIGENCE/
### BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

37. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 36, above.

38. In or about July of 2006, the Batteries were delivered to Defendants Conterm, Vanguard and Fiege, which said Defendants received, accepted and agreed for certain consideration to load, stow and/or consolidate into ocean-going containers for loading and transport aboard the Vessel.

39. Defendants Conterm, Vanguard and Fiege knew or should have known of the identify, characteristics, and description of the Batteries to be loaded and had a continuing duty and obligation to perform the services provided in connection with the loading, stowing and/or consolidating of the Batteries in a workmanlike manner and to exercise reasonable care in loading stowing and/or consolidating the Batteries in the ocean container.

40. Defendants Conterm, Vanguard and Fiege breached and violated their respective duties and obligations and, with knowledge that damage would probably result, improperly, recklessly and negligently stowed, loaded and/or consolidated the Batteries into ocean going

containers with the other cargoes. As a result of the foregoing, the Damaged Cargo Shipments suffered loss and/or damage.

41. Plaintiffs have duly performed all duties and obligations required to be performed.

42. By reason of the premises, the Plaintiffs identified in Schedule A and B have been damaged in the sum of $4,488,820.21, as nearly as the same can now be estimated.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (SALVAGE INDEMNITY)

43. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42, above.

44. As a result of the fire aboard the Vessel, professional salvors responded to fight the fire and save the Vessel and all the cargo aboard her. The salvors are seeking an award from the Vessel interests and all of the cargo interests, including the Plaintiffs.

45. In consideration of the salvors releasing the Vessel and all the cargo aboard her, all interested parties, including the Plaintiffs, were required to post security for the claims of the salvors.

46. The Plaintiffs were required to post salvage security in the approximate total amount of $5,900,00.00 in order to secure any salvage award entered against them.

47. Should the Plaintiffs be compelled to pay any award to the salvors, they are entitled to indemnity from the Defendants in respect of any such payments.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (GENERAL AVERAGE INDEMNITY)

48. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 47, above.

49. Defendant All Oceans has declared a General Average as a result of the fire aboard the Vessel.

11

50. In order to take delivery of their cargo, the Plaintiffs were required to post General Average Security, to secure the claim[s] for General Average made by Defendant All Oceans.

51. The Plaintiffs were required to provide General Average Security in the total amount of $4,425,000.00, as near as it can now be estimated, in order to secure any general average contributions required from them.

52. Should the Plaintiffs be compelled to contribute in general average, they are entitled to indemnity from Defendants in respect of any such general average contributions.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(GENERAL AVERAGE DECLARATORY RELIEF)**

53. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52, above.

54. That the alleged August 6, 2006 fire was caused in whole or in part by the acts of the Carrier Defendants and/or Carrier Defendants II and as such, the declaration of general average was improper.

55. By reason of the premises, Plaintiffs are entitled to a declaratory judgment that any declared general average is null and void and that Plaintiffs therefore owe no general average contributions.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AS AGAINST**
**DEFENDANT IN INTERVENTION SHENZHEN HIGH POWER**
**TECHNOLOGY CO. LTD. (PRODUCTS LIABILITY)**

56. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 54, above.

57. The alleged August 6, 2006 fire and resulting damage was caused in whole or in part because Defendant High Power defectively designed and/or defectively manufactured the

Batteries and/or failed to provide adequate warnings and/or instructions concerning the Batteries. As a result thereof, Plaintiffs were compelled to post sums in security for general average contributions and/or for salvage; and/or were otherwise caused to suffer loss and damage. As a further result thereof, Plaintiffs may be compelled to pay general average contributions and/or salvage expenses and/or other expenses.

58. By reason of the premises, and as a direct and proximate result of High Power's defective design and/or defective manufacture of the Batteries, High Power is liable to Plaintiffs identified in Schedule C for all their direct physical losses and damages. Plaintiffs are also entitled to indemnification and/or contribution from High Power for any sums that Plaintiffs may be adjudged liable to pay, whether in general average contribution, salvage expense or otherwise.

WHEREFORE, Plaintiffs pray:

1. That process in due form of law according to the practice of this Court may issue against the Defendants;

2. That judgment be entered in favor of Plaintiffs and against the Carrier Defendants and Carrier Defendants II on the First and Second Causes of Action, respectively, in the amount of the Plaintiffs' damages in respect of the Damaged Cargo Shipments, together with interest and costs;

3. That judgment be entered in favor of Plaintiffs and against the Carrier Defendants and Carrier Defendants II on the Third Cause of Action in the amount of the Plaintiffs' damages, in respect of the Damaged Cargo Shipments, together with interest and costs;

4. That judgment be entered in favor of Plaintiffs and against Defendants Conterm, Vanguard and Fiege on the Fourth Cause of Action in the amount of the Plaintiffs' damages in respect of the Damaged Cargo Shipments, together with interest and costs;

5.  That judgment be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action for indemnity in respect of any and all salvage expenses assessed against Plaintiffs.

6.  That judgment be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action for indemnity in respect of any general average contributions;

7.  That a declaratory judgment be entered in favor of Plaintiffs and against the Defendant All Oceans on the Seventh Cause of Action declaring that any general average is null and void and that Plaintiffs owe no general average contributions.

8.  That a judgment be entered in favor of Plaintiffs and against Defendant High Power on the Eighth Cause of Action for indemnity and/or for damages, together with interest and costs;

9.  Plaintiffs further pray for such other, further and different relief as to this Court may seem just and proper.

Dated: New York, New York
       August 4, 2008

NICOLETTI HORNIG & SWEENEY
*Counsel for Intervening Plaintiffs*

By: /s/ Jerry K. Stoltz
James F. Sweeney (JS-7745)
Terry L. Stoltz (TS-7650)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel:  (212) 220-3830
Fax:  (212) 220-3780

X:\Public Word Files\0\833\LEGAL\FINAL Intervening Complaint-lr.mar.doc

SCHEDULE A

| Insurance Company Full Name | Goods | B/L No | Shipper | Consignee |
|---|---|---|---|---|
| COMP. DE SEGUROS TRANQUILIDADE SA | 1008 CARTONS GARMENTS | SHLEI0670078 | Shaoxing Yalong Down Garments Co Ltd | Hanco Com |
| PING AN INSURANCE | 22 PALLETS RODS | KKLUSH8925972 | Shanghai Prime Machinery Co Ltd | Inemer - Ind Elementos Roscados Lda |
| CLAL INSURANCE CO LTD | 1512 CARTONS OF SHTARK BRAND BATHROOM SCALES | CANSE0607120 | Cavory Industrial Co Ltd | Electro Z Home Appliance Inc |
| UNION INSURANCE CO LTD | 104 CTNS HOUSING FOR TBB SET WITH THE BUBBLE | STP2117791 | Acuweigh Corporation | OOO "Petromarket" |
| PING AN INSURANCE | 28 CARTONS OF POWER CORD | CLN6659 NGBDBL | Zhejiang Grand Imp & Exp Co Ltd | DYR Electrical Accessories |
| MISCELLANEOUS CLIENTS E.G C'SEE | 22 PALLETS (505 CTNS) BLIND COMPONENTS | 7054241007 | Ningbo China-Base Imp&Exp Co Ltd | Dash Components |
| BANK OF CHINA GROUP INS CO LTD | 620 CTNS OF SOAP AND WHITE SHOE HORN | IIT/WRS-112572, SENUHKG602832307 | Ming Fai Enterprise International Co Ltd/ Intertrans International Transport | Fides 2 SP. Z O. O/ DOR-CAL SP Z.O.O. |
| Fubon Insurance Co Ltd. | 316 Bags as Resin | YMLUN209007832 | Polykemi AB | Chi Mei Corporation |
| Fubon Insurance Co Ltd. | 1800 Paper Bags (23,000 KGS) Polyvinylalcohol | COSU72823830 | Chang Chun Petrochemical Co Ltd | |
| Fubon Insurance Co Ltd. | CHEMICALS | YMLUN209007788 | Chang Chun Plastics Co Ltd | |
| Fubon Insurance Co Ltd. | 272 PALLETS PLASTIC GRANULATES | YMLUN209007828 | Chi Mei Corporation | |
| Fubon Insurance Co Ltd. | 52 PALLETS OF FASTNERS | SSHRT6070657 | T and C Fastener Co Ltd | |
| Fubon Insurance Co Ltd. | 144 PALLETS POLYLAC | YMLUN209007829 | Chi Mei Corporation | |
| Victoria-Seguros S.A. | 280 CTNS DOLLS - TOYS | SH4120927 | | |
| | CAR CLEANING TOOLS ETC. | EFY607038 EFY607039 EFY607033 EFY607032 | | |

# SCHEDULE B

| Insurer | Bill of Lading | Description of Cargo | Shipper | Consignee |
|---|---|---|---|---|
| AIG Insurance Company | SENUNB0600959701 | Coupling Head Trailer Component | Dachser Far East Ltd | Kovoflex SPOL S.R.O |
| AIG Insurance Company | HKHKG40000692751 | Muffler Assy | Rong Shin Holdings Ltd | Husqvarna AN |
| AIG Insurance Company | HGH008054 | Shelf, Flowers and Ornaments | Zhejiang Jiejie Import & Export Co Ltd | Era-tec GMBH |
| AIG Insurance Company | SHA140388 | Greenhouse | Mainway Leisure Goods Manufactory Ltd | To Order |
| AIG Insurance Company | 4357-4700-607 | Blender | PT Indoyoke | Philips Innovative Applications NV |
| AIG Insurance Company | NGB037826 | Turtleneck Pullover | Ningbo Dashing Fashion Co Ltd | DHL Soloutions GMBH |
| AIG Insurance Company | NBBI00670001 | Gearless Traction Machine | Ningbo Xinda Group Co Ltd | Industrias Montanesas Electricas Mecanicas S.L.Imem Ascensores |
| AIG Insurance Company | COSU72B38120 | To be advised | Taiwan First Li-Bond Co Ltd | Buehnen GMBH & Co |
| AIU Insurance Company | KKLUSH2417316 | Energy Saver Lamps | Philips & Yaming Lighting Co Ltd | Philips Lighting Poland S.A |
| AIU Insurance Company | SENUNB0600959607 | Valves & Fittings | Ideal China Building Material International Corp | IBP Ltd |
| AIU Insurance Company | YMLUN305023551 | Sodium Selenite, Zinc Selenite, Barium Selenite, Selenium Dioxide | Vital Chemicals Co Ltd | Todini Vital Chemicals Spa |
| AIU Insurance Company | YMLUN305023550 | Sodium Selenite | Vital Chemicals Co Ltd | Todini Vital Chemicals Spa |
| AIU Tokyo | KKLUHK1226342 | 5 Disc CD Changer | Hanpin Electronics Co Ltd | D&M EDC |
| AIU Tokyo | KKLUHK1226339 | Audio Products | D&M Holdings Inc | D&M EDC |
| Allianz Polska | 586002.8994 | Baseball Caps | Shanghai Overseas Inp &Exp Co Ltd | To Order |
| Allianz Polska | JYMJEZX11710 | Shoes | Unclear | Unclear |
| American Home Assurance Company | KKLUGZU103432 | Lead Free Glass | | Philips Lighting Poland S.A |
| American Home Assurance Company | KKLUMAC120475 | Plastic Hand Lanterns | | Philips Consumer Electronics B.V |
| American Home Assurance Company | KKLUGZU103415 | 20 pallets Hologen Savings Lamps | | Philips Lighting Poland S.A |

SCHEDULE

| Insurer | Bill of Lading | Description of Cargo | Shipper | Consignee |
|---|---|---|---|---|
| American Home Assurance Company | HJSCSHAE14798402 | Steam Irons | Chun Fei Domestic Appliances Co of Suzhou Ltd on behalf of Philips Electronics Hong Kong Ltd | Philips DAB B.V Eurostore |
| AXA Versicherung AG | HKGHAM616148 | Clothing | S. Oliver Asia Ltd | S Oliver Bernd Freier GMBH |
| AXA Versicherung AG | HKGHAM616139 | Clothing | S. Oliver Asia Ltd | S Oliver Bernd Freier GMBH |
| AXA Versicherung AG | HKGHAM616143 | Clothing | S Oliver Asia Ltd | QS Textilhandel GMBH |
| AXA Versicherung AG | HKGHAM616142 | Clothing | S. Oliver Asia Ltd | S Oliver Bernd Freier GMBH |
| Eldom SP | KKTU7613115 | Tan heater | | |
| IMU New York | NBFXT0670097 | Valve Accessories | Crane | Crane Field Systems |
| Mitsui Sumitomo Insurance Company Limited | KLR00608001 | Yuasa Brand Valve Regulated Leas-Acid Batteries | Taiwan Yuasa Battery Co Ltd | Schenker Deutschalnd AG |
| Mitsui Sumitomo Insurance Company Limited | KLR00608002 | Yuasa Brand NP Battery | Taiwan Yuasa Battery Co Ltd | Novitronic AG |
| Mitsui Sumitomo Insurance Company Limited | KLR00608003 | Yuasa Brand NP Battery | Taiwan Yuasa Battery Co Ltd | Intercel Energor B.V |
| Mitsui Sumitomo Insurance Company Limited | COSU74115760 | Photographic Equipment | Pentax Hong Kong Ltd | Pentax Europe N.V |
| Noble Insurance Co. Ltd | KKLUHK 1226335 | Sauces and sesame oil | Amoy Food Ltd | HP Food Ltd |
| Norwich Union | NBFXT0670088 | Patch Cord | Ningbo Excellence Communicated Connector Co | Connectix Ltd |
| Norwich Union | KKLUSH8825682 / 3026748 | Car Parts & Accessories | ACP (Hong Kong) Ltd | Bottari Polska SP Zoo |
| Royal & Sun Alliance | COSU25074890 | Holding Down Bolts | Ningbo Jinding Fastening Piece Co Ltd | Decco Ltd t/a Owlett-Jaton |
| Royal & Sun Alliance | COSU25074890 | Holding Down Bolts | Ningbo Jinding Fastening Piece Co Ltd | Decco Ltd t/a Owlett-Jaton |
| Sompo Japan Insurance Co of Europe Ltd | STP4807464 / KKLUHK1226385 | Bicycle Parts | Shimano Inc. | |
| Sompo Japan Insurance Inc | KKLUSZ8810793 | Parts for Fax Machine | Sharp Electronics (Malysia) Sdn. Bhd | Sharp Manufacturing France SA |

SCHEDULE B

| Insurer | Bill of Lading | Description of Cargo | Shipper | Consignee |
|---|---|---|---|---|
| To be advised | HK 12000572a/c | Seiko Clocks | Seiko Clock (Hong Kong) Limited | Danzas AEI |
| Zurich Insurance Company | KKLUPEN033539 | Raw Rubber | Lee Rubber Co Ltd | Pirelli Ltd |
| Zurich Insurance Company | KKLUPKG044950 | Raw Rubber | Syarikai Cguan Lee Rubber SDN BHD | Pirelli Ltd |
| Zurich Insurance Company | KKLUPKG044949 | Raw Rubber | Syarikai Cguan Lee Rubber SDN BHD | Pirelli Ltd |
| Zurich Insurance Company | KKLUPEN034695 | Raw Rubber | Von Bunditt Co Ltd | Pirelli Ltd |
| Zurich Insurance Company | KKLUPEN034695 | Raw Rubber | Von Bunditt Co Ltd | Pirelli Ltd |
| Zurich Insurance Company | KKLUPEN034695 | Raw Rubber | Von Bunditt Co Ltd | Pirelli Ltd |
| Zurich Insurance Company | KKLUPEN034695 | Raw Rubber | Von Bunditt Co Ltd | Pirelli Ltd |
| Zurich Insurance Company | KKLUPEN034695 | Raw Rubber | Von Bunditt Co Ltd | Pirelli Ltd |

STATE OF NEW YORK      )
                       : S.S.:
COUNTY OF NEW YORK     )

TERRY L. STOLTZ, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiffs herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiffs concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
TERRY L. STOLTZ

Sworn to before me this
4th day of August, 2008.

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 2010

3