CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant
SENATOR LINES GmBH
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600 / Fax:  (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WARTA INSURANCE, *et al.*

               Plaintiffs,             08 CV 6950 (___)

    - against -                **ANSWER TO VERIFIED
                                       COMPLAINT**

M/V YM GREEN her engines, boilers and tackle,
*in rem*; SENATOR LINES GmBH, *et al.*,

               Defendants.
-------------------------------------------------------------------X

      Defendant SENATOR LINES GmBH, by an through its undersigned counsel,

Chalos O'Connor & Duffy, LLP, for their Answer to the Verified Complaint, alleges

upon information and belief as follows:

      1.     Admits the allegations contained in the First Paragraph of the Verified

Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the Second Paragraph of the Verified Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the Third Paragraph of the Verified Complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the Fourth Paragraph of the Verified Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fifth Paragraph of the Verified Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Sixth Paragraph of the Verified Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Seventh Paragraph of the Verified Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Eighth Paragraph of the Verified Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Ninth Paragraph of the Verified Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Tenth Paragraph of the Verified Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Eleventh Paragraph of the Verified Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twelfth Paragraph of the Verified Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirteenth Paragraph of the Verified Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fourteenth Paragraph of the Verified Complaint.

15.     Admits the allegations contained in the Fifteenth Paragraph of the Verified Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Sixteenth Paragraph of the Verified Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Seventeenth Paragraph of the Verified Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Eighteenth Paragraph of the Verified Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Nineteenth Paragraph of the Verified Complaint.

20.     The Twentieth Paragraph of the Verified Complaint requires no response.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-First Paragraph of the Verified Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Second Paragraph of the Verified Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Third Paragraph of the Verified Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Fourth Paragraph of the Verified Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Fifth Paragraph of the Verified Complaint.

26.     The Twenty-Sixth Paragraph of the Verified Complaint requires no response.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Seventh Paragraph of the Verified Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twenty-Eighth Paragraph of the Verified Complaint.

29.    Denies the allegations contained in the Twenty-Ninth Paragraph of the Verified Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirtieth Paragraph of the Verified Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-First Paragraph of the Verified Complaint.

32.    The Thirty-Second Paragraph of the Verified Complaint requires no response.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-Third Paragraph of the Verified Complaint.

34.    Denies the allegations contained in the Thirty-Fourth Paragraph of the Verified Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-Fifth Paragraph of the Verified Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-Sixth Paragraph of the Verified Complaint.

37.    The Thirty-Seventh Paragraph of the Verified Complaint requires no response.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-Eighth Paragraph of the Verified Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Thirty-Ninth Paragraph of the Verified Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fortieth Paragraph of the Verified Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-First Paragraph of the Verified Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-Second Paragraph of the Verified Complaint.

43.     The Forty-Third Paragraph of the Verified Complaint requires no response.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-Fourth Paragraph of the Verified Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-Fifth Paragraph of the Verified Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-Sixth Paragraph of the Verified Complaint.

47.     Denies the allegations contained in the Forty-Seventh Paragraph of the Verified Complaint.

48.     The Forty-Eighth Paragraph of the Verified Complaint requires no response.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Forty-Ninth Paragraph of the Verified Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fiftieth Paragraph of the Verified Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fifty-First Paragraph of the Verified Complaint.

52.     Denies the allegations contained in the Fifty-Second Paragraph of the Verified Complaint.

53.     The Fifty-Third Paragraph of the Verified Complaint requires no response.

54.     Denies the allegations contained in the Fifty-Fourth Paragraph of the Verified Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fifty-Fifth Paragraph of the Verified Complaint.

56.     The Fifty-Sixth Paragraph of the Verified Complaint requires no response.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fifty-Seventh Paragraph of the Verified Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fifty-Eighth Paragraph of the Verified Complaint.


## FIRST AFFIRMATIVE DEFENSE

59.     Forum and venue in this District are improper.

## SECOND AFFIRMATIVE DEFENSE

60.     This suit should be dismissed on the basis of *forum non conveniens* and/or improper forum because the subject bills of lading stipulated to a certain forum, not the Southern District of New York.

## THIRD AFFIRMATIVE DEFENSE

61.    The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

62.    This Court lacks personal jurisdiction over Defendant SENATOR LINES GmBH.

## FIFTH AFFIRMATIVE DEFENSE

63.    Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

64.    That the said shipment as described in Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound. If said shipment was transported on said vessel, then it was subject to the contractual terms and conditions of the aforesaid bills of lading.  Any mis-delivery, non-delivery, non-conformance, shortage, loss and/or damage to the shipment in suit, which is specifically denied, was due to causes for which Defendant SENATOR LINES GmBH is not liable or responsible by virtue of the provision of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.*, approved April 16, 1936, the U.S. Harter Act, the provisions of the said bills of lading, the U.S. general maritime law, applicable foreign law, slot charter agreement, charter party, and / or fixture agreement.

## SEVENTH AFFIRMATIVE DEFENSE

65.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## EIGHTH AFFIRMATIVE DEFENSE

66.     If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to insufficiency of packaging, or inadequacy of marks, for which Defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(o) and (n), and by the terms of the contract of carriage.

## NINTH AFFIRMATIVE DEFENSE

67.     If the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(m), and by the terms of the contract of carriage.

## TENTH AFFIRMATIVE DEFENSE

68.     Plaintiff has failed to properly and fully mitigate its alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

69.     If the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper or its agents or servants or owner of the goods for which the Defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

## TWELFTH AFFIRMATIVE DEFENSE

70.     The maximum liability of Defendant SENATOR LINES GmBH, if any, is $500 per package, or per customary freight unit, as agreed to in the provisions of the bill of lading and under the provisions of COGSA, specifically 46 U.S.C. §1304(5).

## THIRTEENTH AFFIRMATIVE DEFENSE

71.     If the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiffs and/or a third-party and/or their agents.

## FOURTEENTH AFFIRMATIVE DEFENSE

72.     If the goods in suit sustained any loss or damage, which is denied, then such loss or damage resulted from a cause arising without the fault or privity of defendant SENATOR LINES GmBH and without the fault or neglect of the agents or servants of defendant SENATOR LINES GmBH, and the defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(g).

## FIFTHTEENTH AFFIRMATIVE DEFENSE

73.     This Honorable Court lacks subject matter jurisdiction by reason of the Plaintiff's failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including, but not limited to the load port stevedores, the discharge port stevedores, the inland trucker and/or rail carrier, any warehousemen, etc.

## SIXTEENTH AFFIRMATIVE DEFENSE

74.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver / consignee as when received by the

defendant SENATOR LINES GmBH because Plaintiff failed to give timely written notice of loss or damage under the agreed provisions of the bill of lading, and under the provisions of COGSA, specifically, 46 U.S.C. §1303(6).

## SEVENTEENTH AFFIRMATIVE DEFENSE

75.    If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(a) and the terms of the contract of carriage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

76.    If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by fire, and defendant SENATOR LINES GmBH is not liable under COGSA, 46 U.S.C. §1304(2)(b), the terms of the contract of carriage, and / or the U.S. Fire Statute, 46 U.S.C. App. §182.

## NINETEENTH AFFIRMATIVE DEFENSE

77.    The Plaintiff has failed to maker proper service of the Summons and Verified Complaint on the Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

78.    The Summons served upon the defendant was insufficient under the requirements of Federal Rules of Civil Procedure, Rule 4.

**WHEREFORE**, Defendants SENATOR LINES GmBH prays:

A.    that judgment be entered in favor of Defendant SENATOR LINES

GmBH, and the matter dismissed as against SENATOR LINES GmBH;

B.    that judgment be entered in favor of Defendant SENATOR LINES GmBH

for such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
       August 21, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Defendant
                              SENATOR LINES GmBH

              By:    _____
                              Eugene J. O'Connor (EO 9925)
                              Timothy Semenoro (TS 6847)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant
SENATOR LINES GmBH
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600 / Fax:  (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WARTA INSURANCE, *et al.*

|                     |                         |
|---------------------|-------------------------|
| Plaintiffs,         | 08 CV 6950 (___)        |
| - against -         | **VERIFICATION OF ANSWER** |

M/V YM GREEN her engines, boilers and tackle,
*in rem*; SENATOR LINES GmBH, *et al.*,

Defendants.
------------------------------------------------------------------X

Pursuant to 28 U.S.C. § 1746, EUGENE J. O'CONNOR, Esq., declares under the penalty

of perjury:

1.    I am a member of the law firm of Chalos, O'Connor & Duffy, attorneys for the

Defendant SENATOR LINES GmBH, herein;

2.    I have read the foregoing answer and know the contents thereof; and

3.    I believe the matters to be true based on documents and information obtained

from employees and representatives of the Defendant and through its underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant is because

Defendant is a foreign corporation, whose officers are not in this district, and whose verification

cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
August 21, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant
SENATOR LINES GmBH

By: _____
Eugene J. O'Connor (EO 9925)
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600 / Fax:  (516) 767-3605

2